Doerfer, J.
The plaintiff/defendant-in-counterclaim, Congress Construction Co., Inc. (“Congress”) brought this motion pursuant to Mass R.Civ.P. 4.2(a) against the defendants/plaintiffs-in-counterclaim, Labonte Drywall, Inc., and Clermont Labonte (“Labonte”), the trustee defendant Baybank, and reach and apply defendants City of Lowell, The Eastern Contractors, Inc./Congress Construction Co., Inc., Joint Venture, and the Martha’s Vineyard Long Term Care Facility, Inc., to reduce a trustee-attachment. Labonte asks for equitable relief to reach the assets of Congress and to attach the trustee process. For the following reasons the plaintiffs motion is allowed in part and denied in part, the defendant’s action to reach and apply is allowed in part and denied in part, and defendant’s action for attachment on trustee process is allowed in part and denied in part.
BACKGROUND
The parties in this case have been to arbitration in order to resolve disputes arising under construction contracts. This court is asked to decide whether or not the arbitrators had the power to grant attorneys fees and other costs as part of the arbitration award.
DISCUSSION
When considering whether or not to grant a preliminary injunction, a court must evaluate together the moving party’s claim of injury and likelihood of success on the merits. Packaging Industries Group, Inc. v. Cheney, 380 Mass. 609, 617 (1980).
Labonte, in seeking this equitable relief, must have a substantial likelihood of ultimately securing the arbitrators’ awards of attorneys fees and costs.
I. Attorneys Fees
In Massachusetts, courts will not look behind the arbitrators’ decision, absent fraud, or unless the arbitrators exceeded their authority. Trustees of Boston & Maine Corp. v. Massachusetts Bay Transp. Auth., 363 Mass. 386, 390 (1973). The Supreme Judicial Court found that attorneys fees incurred during arbitration may not be awarded by either a court or an arbitrator, absent a special agreement between the parties. Floors, Inc. v. B.G. Danis of New England, Inc., 380 Mass. 91, 101 (1980).
The arbitrators here exceeded their authority in granting attorneys fees to Labonte.[1] Labonte does not have a substantial likelihood of securing the attorneys fees unless there was a special agreement between Congress and themselves regarding the attorneys fees.
There are three places where we may look to find a special agreement regarding attorneys fees between Labonte and Congress. They are: in the original agreement between the two parties; the two parties’ submissions for arbitration; and the American Arbitration Association Rules.
Article 13 of the contract between Congress and Labonte contains provisions for Congress to receive attorneys fees in the event of arbitration. (Ex. 4 to Labonte’s Answer to Application of Plaintiff Congress to Vacate and/or Modify Arbitration Award.) Article 13 does not mention Labonte having any rights to receive attorneys fees in the event of arbitration. Id. Labonte’s cause, therefore, is not helped by the original agreement between the parties.
There is little on the record discussing the parties’ submissions for arbitration. The little there is does not mention a special agreement between the two parties regarding attorneys fees. (Ex. 9 to Labonte’s Answer to Application of Plaintiff Congress to Vacate and/or Modify Arbitration Award.)
There is no mention of arbitrators being allowed to grant attorneys fees in the American Arbitration Asso *14 ciation Construction Industry Arbitration Rules. (Ex. B to Congress’ Motion Pursuant to R.C.P. 4.2(h).)
In conclusion, there did exist a special agreement between the parties concerning attorneys fees, but the agreement allowed only for Congress to recover attorneys fees resulting from arbitration. Labonte, then, has no substantial likelihood of securing that award.
II. Other Costs
As stated above, courts will not look behind arbitrators’ awards absent fraud, or unless the arbitrators exceeded their authority. Trustees of Boston & Maine Corp. v. Massachusetts Bay Transp. Auth., 363 Mass. 386, 390 (1973).
The reason we looked behind the award of attorneys fees above was because of the Floors case, which explicitly put such an award beyond the powers of an arbitrator. There is no Floors case regarding the award of other costs. Therefore, the Court will not look behind that award, and Labonte has a substantial likelihood of securing it.
CONCLUSION
The plaintiffs/defendant’s-in-counterclaim’s motion to reduce the trustee attachment as to $226,192.10 in attorneys fees will be allowed. The defendant’s/plaintiffs-in-counterclaim’s action to reach and apply and for attachment on the trustee process are allowed as to the $53,821.33 awarded in other costs.
The court believes that this matter is ripe to be decided. Therefore, the court orders that the parties involved, pursuant to Mass.R.Civ.P. 16, submit motions for summary judgement, to be heard by this court on April 24, 1995.
ORDER
For the foregoing reasons, the Plaintiff/Defendant-in-Counterclaim Congress’ Motion to Reduce Trustee Attachment is ALLOWED IN PART AND DENIED IN PART, and the Trustee Attachment is hereby reduced by $226,192.10. The Defendant/Plaintiff-in-Counterclaim Labonte’s Action to Reach and Apply, and Action for Attachment on Trustee Process are ALLOWED IN PART AND DENIED IN PART, to the of extent $53,821.33.
The parties are hereby ORDERED to submit motions for summary judgement to be heard by the court on April 24, 1995.

Mastrobuono v. Shearson Lehman Hutton, Inc., 63 U.S.L.W. 4195 (1995), decided by the United States Supreme Court March 6, 1995, held that, despite the fact that the parties had a choice-of-law agreement selecting New York law to be the law under which disputes would be arbitrated, and, despite the fact that in New York punitive damages are prohibited, the arbitrators in the case were allowed to grant punitive damages because the arbitration was brought under the Federal Arbitration Act, which allows punitive damages. The case before use however, was arbitrated under Massachusetts law, not Federal law. Mastrobuono, therefore, does not apply to the present case, and the Massachusetts rule that attorneys fees may not be granted by arbitrators, is controlling.